Argued and submitted September 24, reversed and remanded November 4, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RALPH M. STEELE, JR.,
aka Ralph M. Steele,
*Defendant-Appellant.*

Multnomah County Circuit Court
120140360; A155512

360 P3d 1287

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his judgment of conviction for felon in possession of a restricted weapon (a dagger), ORS 166.270(2), challenging the trial court's denial of his motion to suppress evidence. Defendant argues that the police officer's conduct that led to the discovery of the offending weapon was an unlawful seizure under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution; the police officer stopped him for a littering violation but delayed the investigation and the littering citation's issuance to investigate him for weapons possession. In defendant's view, the police officer did not have the requisite reasonable suspicion that defendant unlawfully possessed weapons or posed a threat to the officer's safety to lawfully pat him down (without defendant's consent) to search for weapons and ask him if he had any weapons. He points out that, at trial, the police officer testified that he asked defendant about weapons and patted him down because he does so routinely before allowing suspects to retrieve their identification cards.

That manner of investigation, the state now concedes, is not allowed under Article I, section 9, in light of the Supreme Court's recent decision in *State v. Jimenez*, 357 Or 417, 353 P3d 1227 (2015), which was issued after the state filed its brief in this case. In *Jimenez*, the court held that an inquiry for weapons possession when a suspect is stopped for jaywalking is constitutionally impermissible when it is made "as a matter of routine and in the absence of circumstances that indicate danger to the officer or members of the public." *Id.* at 419. Moreover, the state also concedes that, in light of our decision in *State v. Kimmons*, 271 Or App 592, 598-99, 352 P3d 68 (2015), it is of no consequence that, in *Jimenez*, the weapons inquiry occurred during a traffic investigation. In *Kimmons*, we held that the principles related to seizures under Article I, section 9, are "categorical, as a constitutional matter" and, thus, do not distinguish between traffic and criminal matters. *Id.*

We agree that the trial court erred and accept the state's concession. The seizure was not allowed under Article I, section 9, because the record did not indicate that

the police officer had reasonable safety concerns. Nor did the record establish that the officer's inquiry about weapons was reasonably related to the littering investigation and reasonably necessary to carry it out. Therefore, the evidence must be suppressed.

Reversed and remanded.